IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| ALBERT RODRIGUEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. 3:14-cv-1210-K (BF) |
| § | |
| JPMORGAN CHASE BANK NATIONAL § | |
| ASSOCIATION, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action arising out of foreclosure proceedings initiated against real property located in Kaufman County, Texas to the United States Magistrate Judge for pretrial management. On April 11, 2014, Defendant JPMorgan Chase Bank National Association filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed an Amended Complaint on May 5, 2014.

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course before being served with a responsive pleading. A motion to dismiss is not a responsive pleading. *Whitaker v. City of Houston*, 963 F.2d 831, 834-35 (5th Cir. 1992). Even assuming Defendant's motion -- which is addressed to the Original Petition filed in state court -- has merit, Plaintiff has superseded that pleading by filing the Amended Complaint. Therefore, Defendant's Motion to Dismiss should be denied as moot.[1] *See, e.g., Mangum v. United Parcel Servs.*, No. 3:09-CV-0385-D, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (denying as moot motion to dismiss after plaintiff filed amended complaint).

---

[1] The Court suggests no view on the merits of the Amended Complaint or whether it is subject to dismissal under Rule 12(b)(6).

## Recommendation

In view of the filing of Plaintiff's Amended Complaint, the Court recommends that Defendant's Motion to Dismiss (Doc. 5) be DENIED without prejudice as moot.

SO RECOMMENDED, May 9, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).